The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN VANCE, *et al.* | 2:20-cv-01082-JLR |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter.

The parties began with the District's Model ESI Agreement, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 1
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     Custodians. The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.     Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI.

3.     Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.     Foreign data privacy laws.  Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.     ESI Discovery Procedures**

1.     On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.     Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies,

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 2
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

      a.    Prior to running searches:

           i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query. In the event that a receiving party believes that the proposed search terms or other above-described limitations are insufficient, the parties shall meet and confer to attempt to reach agreement on the producing party's search terms and/or other methodology.

The requesting party is entitled to, within 14 days of the producing party's disclosure of search terms as described Section 2(a)(i), above, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

           iii.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. A search that returns more than 250 megabytes of data, excluding Microsoft PowerPoint files, audio files, video files, biometric data files containing biometric identifiers or biometric information as those terms are defined in 740 ILCS 14/10, and similarly large file types, is presumed to be overbroad.

      b.    After production:

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 3
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

c. 3. <u>Format.</u>

a. Subject to Section 3(b), ESI will be produced to the requesting party with searchable text, in the following format: (a) single-page TIFFs with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files; or (b) in the case of documents available only in hard copy format, as scanned and searchable PDF files.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format. Further, upon the reasonable request that includes identifying the Bates numbers for specific documents and the basis for the request, the producing party shall produce files in their native format.

c. Each document image file shall be named with a unique production number (Bates Number). Documents produced in native format will be assigned a Bates Number and produced with a corresponding load file. Original file names should be preserved and included in the load file metadata. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, including what

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 4
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the producing party considers a duplicate, what method of de-duplication will be used and where duplicates are stored, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.   Upon reasonable request, the producing party will produce a less inclusive copy.

6. Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; email subject (to the extent email subject is not duplicative of title/subject); file name; file size; file extension; original file path and other storage location information; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. Hard-Copy Documents. The parties elect to produce hard-copy documents in an electronic format.  The production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the Custodian or custodian/location associated with each produced document.  Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

D. **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed.

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 5
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will comply with their obligations to supplement under Fed. R. Civ. P. 26(e) and will supplement their responses with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)(2).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics, except to the extent the data changed formats (e.g. was deleted or fragmented) after the producing party became aware of this litigation.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. Online access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e. Backup data that are duplicative of data that are more accessible elsewhere.

   f. Server, system or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 6
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1. The parties agree to abide by Fed. R. Civ. P. 26(b)(5) with respect to documents withheld from production on the basis of a privilege or other protection. Any privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced no later than 45 days after production, unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. Parties are not required to include in privilege logs any privileged or work-product information generated after the filing of the complaint, including any communications with outside counsel dated after the filing of the complaint, to the extent the communications contained privileged information or information protected by the work-product doctrine.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 7
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   production shall not constitute a waiver of such protection.

2

3   DATED: March 3, 2021                  By: *s/ Stephen M. Rummage*

4                                                 Stephen M. Rummage, WSBA #11168
                                                Xiang Li, WSBA #52306

5                                        DAVIS WRIGHT TREMAINE LLP
                                       920 Fifth Avenue, Suite 3300

6                                        Seattle, Washington  98104-1610
                                       Tel:  (206) 622-3150

7                                        Fax:  (206) 757-7700
                                       Email:  steverummage@dwt.com

8                                        Email:  xiangli@dwt.com

9

10                                       Elizabeth B. Herrington, Admitted *pro hac vice*
                                      Tyler Zmick, Admitted *pro hac vice*

11                                       MORGAN LEWIS & BOCKIUS
                                      77 West Wacker Drive, Suite 500

12                                       Chicago, IL 60601-5094
                                      Tel: (312) 324-1188

13                                       Email:  beth.herrington@morganlewis.com
                                      Email:  tyler.zmick@morganlewis.com

14

15                                       ***Attorneys for Defendant Microsoft Corporation***

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 8
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
| DATED: March 3, 2021 | By: *s/ Nicholas R. Lange*<br>David B. Owens, WSBA #52856<br>LOEVY & LOEVY<br>100 S. King Street, Suite 100<br>Seattle, WA  98104<br>Tel: (312) 243-5900<br>Fax: (312) 243-5092<br>Email:  david@loevy.com<br><br>Scott R. Drury, Admitted *pro hac vice*<br>Mike Kanovitz, Admitted *pro hac vice*<br>LOEVY & LOEVY<br>311 N. Aberdeen, 3rd Floor<br>Chicago, IL  60607<br>Tel: (312) 243-5900<br>Email:  drury@loevy.com<br>Email:  mike@loevy.com<br><br>Gary Lynch, Admitted *pro hac vice*<br>CARLSON LYNCH LLP<br>1133 Penn Avenue, Floor 5<br>Pittsburgh, PA  15222<br>Tel: (412) 322-9243<br>Email:  glynch@carlsonlynch.com<br><br>Katrina Carroll, Admitted *pro hac vice*<br>Nicholas R. Lange, Admitted *pro hac vice*<br>CARLSON LYNCH LLP<br>111 West Washington Street, Suite 1240<br>Chicago, Illinois 60602<br>Tel: (312) 750-1265<br>Email:  kcarroll@carlsonlynch.com<br>Email:  nlange@carlsonlynch.com<br><br>*Attorneys for Plaintiffs* |

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: March 5, 2021

_____
The Honorable James L. Robart
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING DISCOVERY OF ESI
(2:20-cv-01082-JLR) - 9
4853-0559-9443v.9 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax