The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN VANCE, *et al.*,

Plaintiffs,

v.

MICROSOFT CORPORATION,

Defendant.

No. 2:20-cv-01082-JLR

**DEFENDANT MICROSOFT CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**JURY DEMAND**

Defendant Microsoft Corporation, by and through its undersigned attorneys, files this answer and defenses to Plaintiffs' Class Action Complaint. To the extent any allegation in the Complaint is not specifically or expressly admitted, the allegation is denied. Microsoft denies all allegations contained in headings and unnumbered paragraphs. Microsoft answers the corresponding numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1. Facial recognition technology – once a thing only seen in movies – now threatens to end individual privacy. Public and private entities increasingly deploy facial recognition products to determine a private citizens' identities, as well as other personal information, such as their addresses, phone numbers, whereabouts and acquaintances.

**ANSWER:** The allegations in Paragraph 1 do not plead factual allegations about or specific to Microsoft in any way and therefore, do not require a response. To the extent a response is required, Microsoft denies the allegations.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 1
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2.      Unlike the way facial recognition technology is depicted in the movies, the actual technology is plagued by a major problem – it is inaccurate, especially when it comes to correctly identifying women and people of color.

**ANSWER:**  The allegations in Paragraph 2 do not plead factual allegations about or specific to Microsoft in any way and therefore, do not require a response.  To the extent a response is required, Microsoft denies the allegations.

3.      In recent years, an "arms race" has developed amongst for-profit companies seeking to become market leaders in the facial recognition arena. Critical to winning this battle has been to [sic] the ability to claim a low identification error rate - i.e., the for-profit companies want to herald the accuracy of their products, including accuracy in identifying woman and people of color.

**ANSWER:**  The allegations in Paragraph 2 do not plead factual allegations about or specific to Microsoft in any way and therefore, do not require a response.  To the extent a response is required, Microsoft denies the allegations.

4.      In its effort to improve its facial recognition technology, Defendant Microsoft violated Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by, among other things, unlawfully collecting, obtaining, storing, using, possessing and profiting from the biometric identifiers and information of Plaintiffs Vance and Janecyk and all other similarly situated Illinois residents and citizens (hereinafter, the "Class Members").

**ANSWER:**  Microsoft denies the allegations in Paragraph 4.

5.      Plaintiffs bring this Class Action Complaint seeking: (a) statutory damages of $5,000 per BIPA violation, or, alternatively, if Defendant Microsoft acted negligently, $1,000 per BIPA violation, along with attorneys' fees and costs; (b) disgorgement of Defendant's ill-gotten gains derived from the use of the unlawfully-acquired data; and (c) an injunction (i) barring Defendant from any further use of Illinois citizens' and residents' biometric identifiers and

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 2
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   information; (ii) barring Defendant from continuing to collect, obtain, store, use, possess and profit

2   from Plaintiffs' and Class Members' biometric identifiers and information; and (iii) requiring

3   Defendant to delete and destroy Plaintiffs' and Class Members' biometric identifiers and

4   information.

5   **ANSWER:**  Answering the allegations in paragraph 5, Microsoft admits that Plaintiffs

6   purport to bring this case as a class action but denies that this case could or should properly be

7   certified as a class.  Microsoft further admits Plaintiffs seek statutory damages, fees, and costs

8   under BIPA and allege a claim for unjust enrichment, and deny that Plaintiffs are entitled to any

9   such relief.  Microsoft also responds the Court has dismissed Plaintiffs' claim for injunctive

10  relief.  Microsoft further denies that it engaged in any wrongdoing, denies that it violated BIPA,

11  and denies that Plaintiffs are entitled to any relief.  Microsoft denies any remaining allegations

12  in Paragraph 5.

### PARTIES

14  6.      At relevant times, Plaintiff STEVEN VANCE was – and remains – an Illinois

15  resident who lived in the Northern District of Illinois. Defendant Microsoft collected, obtained,

16  stored, used, possessed and profited from Plaintiff Vance's biometric identifiers and information

17  – namely, facial geometric scans of Plaintiff Vance.

18  **ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to

19  the truth of the allegations in the first sentence of paragraph 6.  Microsoft denies the allegations

20  in the second sentence of Paragraph 6, and denies any remaining allegations in Paragraph 6.

22  7.      At relevant times, Plaintiff TIM JANECYK was – and remains an Illinois resident

23  who lived in the Northern District of Illinois. Defendant Microsoft collected, obtained, stored,

24  used, possessed and profited from Plaintiff Janecyk's biometric identifiers and information –

25  namely, facial geometric scans of Plaintiff Janecyk.

26  **ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to

27  the truth of the allegations in the first sentence of Paragraph 7.  Microsoft denies the allegations

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 3
4851-1934-1025v.3 0025936-003307

in the second sentence of Paragraph 7.  Microsoft denies any remaining allegations in Paragraph 7.

8.      Defendant Microsoft is a Washington corporation based in Redmond, Washington.

**ANSWER:**  Microsoft admits that it is a Washington corporation headquartered in Redmond, Washington.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because sufficient diversity of citizenship exists between the parties in this action, the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and there are 100 or more members of the Class. Because it is estimated that the Class will have thousands of members and Defendant Microsoft's intentional and reckless violations of BIPA are punishable by statutory damages of $5,000 per violation, the amount in controversy is well in excess of $5,000,000. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

**ANSWER:**  Microsoft admits that, based on the allegations pleaded in Paragraph 9, the Court has jurisdiction under the Class Action Fairness Act and principles of supplemental jurisdiction.  Microsoft denies that this case should or could be properly certified as a class, denies that it violated BIPA, and otherwise denies the factual allegations in Paragraph 9.

10.      This Court has personal jurisdiction over Defendant Microsoft because it is at home in the Western District of Washington. As alleged above, Microsoft is a Washington corporation headquartered in Redmond, Washington.

**ANSWER:**  Microsoft admits the allegations in Paragraph 10.

11.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant Microsoft resides in the Western District of Washington.

**ANSWER:**  Microsoft admits the allegations in Paragraph 11.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 4
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

## FACTUAL ALLEGATIONS

### Biometric Identifiers

12.     Every individual has unique features by which he or she can be identified using a set of standard quantitative measurements, commonly referred to as "biometric identifiers."

**ANSWER:** Microsoft denies the allegations in Paragraph 12.

13.     For example, the shape of and distance between tiny ridges on each person's finger are unique, so measures of those features can be used to identify a specific individual as the person who made a fingerprint.

**ANSWER:** Microsoft denies the allegations in Paragraph 13.

14.     Each person also has a unique facial geometry composed of, among other measures, distances between key facial landmarks and ratios between those distances.

**ANSWER:** Microsoft denies the allegations in Paragraph 14.

15.     Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet, in a scanned picture or footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

**ANSWER:** Microsoft denies the allegations in Paragraph 15.

16.     Unlike fingerprints, however, facial biometrics are readily observable and, thus, present a grave and immediate danger to privacy, individual autonomy and liberty.

**ANSWER:** Microsoft denies the allegations in Paragraph 16.

### The Illinois Biometric Information Privacy Act

17.     Through BIPA, Illinois strictly regulates the collection, obtainment, storage, and use of biometric identifiers and information.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:** The allegations in Paragraph 17 purport to paraphrase BIPA and state a legal conclusion, so no response is required.  To the extent a response is required, Microsoft denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 17 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.  Microsoft also denies that BIPA applies extraterritorially.  Except as expressly admitted, Microsoft denies the allegations in Paragraph 17.

18.     Under BIPA, biometric identifiers include a scan of an individual's face geometry. 740 ILCS § 14/10.

**ANSWER:**   Answering the allegations in Paragraph 18, Microsoft admits that the definition of "biometric identifier" under BIPA includes a "scan of…face geometry" and expressly excludes "photographs."   Microsoft denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 18 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.  Except as expressly admitted, Microsoft denies the allegations in Paragraph 18.

19.     Under BIPA, biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS § 14/10.

**ANSWER:**   Answering the allegations in Paragraph 19, Microsoft admits that the definition of "biometric information" under BIPA includes "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual" and expressly excludes "information derived from items or procedures excluded under the definition of biometric identifiers."   Microsoft denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 19 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.  Except as expressly admitted, Microsoft denies the allegations in Paragraph 19.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 6
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

20.     According to the Illinois General Assembly: "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

**ANSWER:**  Answering the allegations in Paragraph 20, Microsoft admits that Plaintiffs quote a select portion of 740 ILCS 14/5, but denies that, taken alone, the quoted language accurately reflects the totality of the statute.  Microsoft denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 20 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.

21.     Pursuant to BIPA, a private entity is, among other things: (a) prohibited from collecting or otherwise obtaining an individual's biometric identifiers and information without providing written notice and obtaining a written release; (b) prohibited from profiting from an individual's biometric identifiers and information; and (c) required, to the extent it is in possession of biometric identifiers or information, to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying such identifiers and information. 740 ILCS § 14/15.

**ANSWER:**  Answering the allegations in Paragraph 21, Microsoft admits that BIPA regulates certain conduct by private entities related to biometric identifiers and information. Microsoft denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 21 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.  Microsoft also denies that BIPA applies extraterritorially. Except as expressly admitted, Microsoft denies the allegations in this Paragraph.

22.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 7
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

**ANSWER:**  Microsoft admits the first sentence of Paragraph 22.  Microsoft admits the second sentence of this Paragraph except that the right of recovery is for reasonable attorneys' fees and costs.  Microsoft denies that BIPA applies extraterritorially, and otherwise denies any remaining allegations in Paragraph 22.

### *Facial Recognition Technology*

23.    Facial recognition is a form of computer artificial intelligence, the goal of which is to "create systems that detect, recognize, verify and understand characteristics of human faces."[1]

**ANSWER:**  Microsoft admits that Plaintiffs accurately quote part of the *Diversity in Faces* article they cite.  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies those allegations.

24.    To do this well, the algorithms driving facial recognition technology must be trained with and fed vast quantities of images of a diverse array of faces. To satisfy the ever-growing demand for myriad high-resolution images of faces, unchecked companies have begun turning to the internet, where photographs are sometimes taken without the photographer's or subject's knowledge or consent. This has been called the dirty little secret of AI training sets. Researchers often just grab whatever images they can find "in the wild."

**ANSWER:**  Microsoft denies the allegations in Paragraph 24.

25.    Facial recognition products rely on machine learning algorithms that are trained with labeled data.[2]  As a result, algorithms trained with biased data can result in algorithmic

---

[1] Michele Merler, *et al.*, *Diversity in Faces*, IBM Research AI (Apr. 10, 2019) ("*Diversity in Faces*").
[2] Joy Buolamwini, *et al.*, *Gender Shades: Intersectional Accuracy Disparities in Commercial Gender Classification*, Proceedings of Machine Learning Research 81:1-15 (2018) at 1.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

discrimination[3] which, in turn, can lead to facial recognition products that are less effective at identifying certain types of faces.

**ANSWER:**  The allegations in Paragraph 25 purport to paraphrase the article cited in that paragraph, so no response is required.  To the extent a response is required, Microsoft denies the allegations to the extent they are inconsistent with, mischaracterize, or take out of context any portion of that article.  Microsoft otherwise denies any remaining allegations in Paragraph 25.

26.     For example, an algorithm trained on a dataset that underrepresents a group or subgroup – e.g., woman or people of color – will have a higher rate of error with respect to identifying members of those groups or subgroups.

**ANSWER:**  Microsoft denies the allegations in Paragraph 26, and further denies the allegations in Paragraph 26 have any bearing on this dispute.

27.     Historically, available datasets on which facial recognition algorithms were trained contained a disproportionate number of light-skinned males.

**ANSWER:**  Microsoft lacks sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies those allegations.

***Flickr***

28.     At relevant times, Flickr was a photo-sharing website that had access to over 100 million photographs posted by Flickr users.

**ANSWER:**  Microsoft admits that Flickr was and is a photo-sharing website, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies those allegations.

---

[3] *Id.*

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 9
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

29.     In or about 2014, Flickr – through its parent company Yahoo! – compiled approximately 100 million Flickr photographs into a single dataset (the "Flickr Dataset") and made the dataset publicly available.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30.     Flickr did so without informing or receiving the consent of the individuals who uploaded these photographs to Flickr or who appeared in these photographs.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations.

31.     Flickr contended that its purpose in releasing the Flickr Dataset was to help improve the accuracy and reliability of facial recognition technology.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies those allegations.

32.     The Flickr Dataset contained images of Illinois citizens and residents, including images of Plaintiffs and Class Members.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies those allegations.

***The Gender Shades Study***

33.     In or about February 2018, researchers released *Gender Shades: Intersectional Accuracy Disparities* in *Commercial Gender Classification* ("*Gender Shades*") in which they noted that prior studies had shown that "machine learning algorithms can discriminate based on classes like race and gender."[4]

**ANSWER:**   Microsoft admits that Plaintiffs accurately quote part of a 2018 article entitled "*Gender Shades*."  Microsoft lacks knowledge and information sufficient to form a belief

---

[4] *Id.*

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 10
4851-1934-1025v.3 0025936-003307

as to the truth of the remaining allegations in Paragraph 33 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 33 have no bearing on this dispute.

34.    Building on that prior research, the researchers analyzed three commercial facial recognition products – including a Microsoft product – focusing on each product's ability to accurately identify gender.[5]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 34 have no bearing on this dispute.

35.    The study determined that each product more accurately classified: (a) males than females; and (b) lighter individuals than darker individuals.[6]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 35 have no bearing on this dispute.

36.    Significantly, the error rate with respect to accurately classifying darker females was 20.8% for Defendant Microsoft, specifically, and as high as approximately 34.7%.[7]

**ANSWER:**  Microsoft denies that the allegations in Paragraph 36 accurately describe the study, and denies the allegations to the extent they depart from, mischaracterize, or misstate the findings in the study.  Microsoft further responds that the allegations in Paragraph 36 have no bearing on this dispute.

---

[5] *See id.* at 8.
[6] *Id.*
[7] *Id.* at 9.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

37.     The researchers concluded that the "most improvement is needed on darker females specifically. More broadly, the error gaps between male and female classification along with lighter and darker classification should be closed."[8]

**ANSWER:**  Microsoft admits that Plaintiffs accurately quote a portion of the cited article, but denies Plaintiffs' allegations to the extent they mischaracterize, take out of context, or misapply the article.  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 37 have no bearing on this dispute, and otherwise denies all remaining allegations in this paragraph.

### Response to Gender Shades

38.     In the aftermath of *Gender Shades*, companies felt pressured to improve the accuracy of, and reduce the bias in, their facial recognition products.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 38 have no bearing on this dispute.

39.     In or about April 2019, International Business Machines Corporation ("IBM") noted that a "critical aspect limiting face recognition performance in practice is facial diversity," begging the question "does the training data for [face recognition] systems fairly represent the distribution of faces we see in the world?"[9]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations. Microsoft further responds that the allegations in Paragraph 39 have no bearing on this dispute.

40.     To respond to the issue, IBM created Diversity in Faces – a new dataset consisting of one million images culled from the Flickr Dataset – for the purpose of improving the ability of

---

[8] *Id.* at 11.
[9] *Diversity in Faces, supra,* at 1.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 12
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

facial recognition systems to fairly and accurately identify all individuals (the "Diversity in Faces Dataset").[10]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41.     In creating the Diversity in Faces Dataset, IBM scanned the facial geometry of each image contained in the dataset and created a "comprehensive set of annotations of intrinsic facial features that includes craniofacial distances, areas and ratios, facial symmetry and contrast, skin color, age and gender predictions, subjective annotations, and pose and resolution."[11]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.  Microsoft further denies that the cited article purports to claim that "IBM scanned the facial geometry of each image contained in the dataset."

42.     To build the Diversity in Faces Database, IBM extracted 19 facial landmark points from each image in the dataset to determine 68 key points for each face.[12]

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies those allegations.

43.     IBM used the 19 facial landmark points to extract craniofacial features for each image, as shown in the figure below[13]:

---

[10] *See id.*
[11] *Id.* at 2.
[12] *Id.* at 9.
[13] *Id.* at 9-10.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 13
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax



1
2
3
4
5
6
7      **ANSWER**:  Microsoft lacks knowledge and information sufficient to form a belief as to

8  the truth of the allegations in Paragraph 43 and therefore denies those allegations.

9
10     44.     The Diversity in Faces Dataset contained the biometric identifiers and information

11 of Plaintiffs and Class Members.

12     **ANSWER**:  Microsoft denies the allegations in Paragraph 44.

13     45.     IBM did not seek nor receive permission from Plaintiffs or Class Members to

14 include their images in the Diversity in Faces Dataset, let alone to perform scans of their facial

15 geometries or to otherwise collect, obtain, store, use, possess or profit from their biometric

16 identifiers and information.

17     **ANSWER**:  Microsoft lacks knowledge and information sufficient to form a belief as to

18 the truth of the allegations in Paragraph 45 and therefore denies those allegations.

19
20     46.     In or about April 2019, IBM published a journal article describing the Diversity in

21 Faces Dataset in great detail and making clear that the dataset contained the biometric identifiers

22 and information of each individual who appeared in the dataset.

23     **ANSWER**:   Microsoft admits that IBM published a journal article in April 2019

24 regarding the Diversity in Faces Dataset.  Microsoft denies that the April 2019 article published

25 by IBM and cited elsewhere in Plaintiffs' Complaint "ma[de] clear that the dataset contained the

26 biometric identifiers and information of each individual who appeared in the dataset."  Microsoft

27

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 14
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies those allegations.

47.     IBM made the Diversity in Faces Dataset available to other for-profit companies that developed, produced, marketed, sold or otherwise used facial recognition products and technologies in connection with their for-profit businesses.[14]

**ANSWER:**  Microsoft admits that IBM made the Diversity in Faces Dataset available to others, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies those allegations.

48.     To obtain the Diversity in Faces Dataset from IBM, a company had to apply for permission from IBM via an online questionnaire.

**ANSWER:**  Microsoft admits the allegations in Paragraph 48.

49.     If IBM granted access to the Diversity in Faces Dataset, the company seeking access had to download the dataset from a link provided by IBM.

**ANSWER:**  Microsoft admits the allegations in Paragraph 49.

50.     The information provided to companies that downloaded the Diversity in Faces Dataset included the biometric identifiers and information extracted from each photograph in the dataset and links to each photograph on Flickr from which IBM extracted the biometric data.

**ANSWER:**  Microsoft denies the allegations in Paragraph 50.

51.     From the Flickr links IBM provided to companies that downloaded the Diversity in Faces Dataset, the companies were able to identify the Flickr user who uploaded the photograph to Flickr, view the Flickr user's homepage and other posted material, and view each photograph's metadata, including any available geo-tags relating to where the photograph was taken or uploaded.

---

[14] *See Diversity in Faces, supra.*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   **ANSWER:**  Microsoft denies the allegations in Paragraph 51.

2   ***Defendant Microsoft Obtained the Diversity in Faces Dataset***

3   52.     At relevant times, Defendant Microsoft developed, produced, marketed and

4   otherwise used facial recognition products and technologies in connection with its business.

5   **ANSWER:**  Microsoft admits that it has developed, produced, marketed and otherwise

6   used facial recognition technologies in connection with its business, but denies that it has

7   developed, produced, marketed, or used the IBM Diversity in Faces dataset for any product or

8   technology.  Microsoft denies any remaining allegations in Paragraph 52.

9
10  53.     Among Defendant Microsoft's facial recognition products were its Cognitive

11  Services Face Application Program Interface and its Face Artificial Intelligence service that

12  allowed customers to embed facial recognition into their apps without having to have any machine

13  learning expertise.

14  **ANSWER:**  Microsoft denies that Paragraph 53 accurately identifies, characterizes, or

15  describes Microsoft's APIs or technology, and further denies that it developed, produced,

16  marketed, or used the IBM Diversity in Faces dataset for any APIs, products, or technologies.

17  Microsoft denies any remaining allegations in this paragraph.

18  54.     At relevant times, Defendant Microsoft was aware of the importance of companies

19  following the rule of law when it comes to facial recognition technology and urged governments

20  to regulate the technology.[15]

21  **ANSWER:**  Microsoft admits that it has supported facial recognition legislation, but

22  denies that BIPA applies extraterritorially.  Microsoft denies any remaining allegations in

23  Paragraph 54.

24
25
26
27  [15] Brad Smith, *Facial Recognition: It's Time for Action*, <u>Microsoft on the Issues</u> (Dec. 6, 2018),
    <u>https://blogs.microsoft.com/on-the-issues/2018/12/06/facial-recognition-its-time-for-action/</u> (last accessed on Mar.
    23, 2020).

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 16
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

55.     After IBM made the Diversity in Faces Dataset available, Defendant Microsoft applied for and obtained the Diversity in Faces Dataset from IBM.

**ANSWER:**  Microsoft admits that a contractor of a third-party vendor under contract with Microsoft and a student intern each applied for and downloaded the Diversity in Faces Dataset from IBM.  Microsoft denies the remaining allegations in Paragraph 55 and specifically denies that it "obtained" any information in connection with IBM's Diversity in Faces Dataset, as that term is used in BIPA.

56.     On information and belief, upon obtaining the Diversity in Faces Dataset from IBM, Defendant Microsoft used the links provided by IBM to download, copy or otherwise obtain from Flickr each photograph in the dataset, including Plaintiffs' photographs, in order to associate the biometric identifiers and information provided by IBM with the actual photographs to which the biometric data related.

**ANSWER:**  Microsoft denies the allegations in Paragraph 56.

57.     Defendant Microsoft obtained the Diversity in Faces Dataset in order to improve the fairness and accuracy of its facial recognition products and technologies.

**ANSWER:**  Microsoft denies the allegations in Paragraph 57.

58.     Defendant Microsoft profited from the biometric identifiers and information contained in the Diversity in Faces Dataset because those biometric identifiers and information allowed Microsoft to improve its facial recognition products and technologies, including, upon information and belief, by allowing Microsoft to improve the effectiveness of its facial technologies more valuable in the commercial marketplace.

**ANSWER:**  Microsoft denies the allegations in Paragraph 58.

59.     Defendant Microsoft conducted extensive business within Illinois related to the facial recognition products it unlawfully developed using Plaintiffs' and Class Members' biometric identifiers and information, including: (i) selling its facial recognition products to third-party

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 17
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

clients through an Illinois-based vendor; (ii) working closely with an Illinois-based business to build new applications for its facial recognition technology; and (iii) working with the University of Illinois, among others, to build and promote a "digital transformation institute" aimed at "accelerating the application of artificial intelligence" throughout business and society. As such, Illinois had and has a direct interest in regulating the unlawful conduct alleged herein in order to protect the rights and interests of its residents and citizens.

**ANSWER:**  Microsoft denies the allegations of Paragraph 59.

*Allegations Related to Plaintiff Vance*

60.     In or about 2008, Plaintiff Vance uploaded to Flickr from his computer in Illinois a photograph of himself and two family members (the "2008 Photo").

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies those allegations.

61.     In addition to the 2008 Photo, Plaintiff Vance uploaded numerous other photographs to Flickr.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies those allegations.

62.     At relevant times, Plaintiff Vance's publicly-accessible Flickr profile page clearly identified his Chicago, Illinois residence and provided a method for those accessing his page to contact him directly via Flickr's internal "FlickrMail" direct message system, which Defendant Microsoft chose not to do.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

63.     The 2008 Photo, as well as numerous other photographs uploaded to Flickr by Plaintiff Vance, were part of the Diversity in Faces Dataset obtained by Defendant Microsoft.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 18
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   **ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to

2   the truth of the allegations in Paragraph 63 and therefore denies those allegations.

3

4   64.   Based on the links Defendant Microsoft received from IBM, at relevant times, it

5   knew that each of Plaintiff Vance's photographs in the Diversity in Faces Dataset – including the

6   2008 Photo – originated from, and was affiliated with, his Flickr account.

    **ANSWER:**  Microsoft denies the allegations in Paragraph 64.

7

8   65.   Defendant Microsoft never advised or informed Plaintiff Vance or his legal

9   authorized representative in writing: (a) that it collected, stored and used Plaintiff Vance's

10  biometric identifiers and information; or (b) of the specific purpose and length of term for which

11  Plaintiff Vance's biometric identifiers and information were being collected, stored and used.

12  **ANSWER:**  Microsoft admits the allegations in Paragraph 65, as it is not aware of

13  Plaintiff Vance or his legally authorized representative ever interacting with Microsoft before

14  this lawsuit, Microsoft is not aware of any relationship between Microsoft and Plaintiff Vance,

15  and Microsoft had no way of identifying Plaintiff Vance, so Microsoft could not have advised

16  him or informed him of anything.  Except as expressly admitted, Microsoft denies the allegations

17  in Paragraph 65.

18

19  66.   Defendant Microsoft never received a written release executed by Plaintiff Vance

20  or his legally authorized representative to collect, capture, receive, obtain, store or use his

21  biometric identifiers and information

22  **ANSWER:**  Microsoft admits the allegations in Paragraph 66, as it is not aware of

23  Plaintiff Vance or his legally authorized representative ever interacting with Microsoft before

24  this lawsuit, Microsoft is not aware of any relationship between Microsoft and Plaintiff Vance,

25  and Microsoft had no way of identifying Plaintiff Vance, so Microsoft could not have received

26  any type of written release from him.  Except as expressly admitted, Microsoft denies the

27  allegations in Paragraph 66.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 19
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

67.     As alleged in more detail below, Defendant Microsoft's conduct has injured Plaintiff Vance and subjected him to additional imminent and certainly impending injuries.

**ANSWER:**  Microsoft denies the allegations in Paragraph 67.

***Allegations Related to Plaintiff Janecyk***

68.     Plaintiff Janecyk is an accomplished photographer, having focused his work in portraiture and street life photography.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies those allegations.

69.     In 2008, Plaintiff Janecyk signed up for a Flickr account in the Village of Tinley Park, Illinois, and has since then uploaded in excess of a thousand of his photographs to Flickr. Among those photographs is a 2011 photograph depicting Plaintiff Janecyk's own face (the "2011 Photo"), which Plaintiff Janecyk uploaded to Flickr from his device in Illinois.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies those allegations.

70.     At relevant times, Plaintiff Janecyk's publicly-accessible Flickr profile page clearly identified his Illinois residence and provided a method for those accessing his page to contact him directly via Flickr's internal "FlickrMail" direct message system, which Defendant Microsoft chose not to do.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies those allegations.

71.     The 2011 Photo, as well as numerous other photographs uploaded to Flickr by Plaintiff Janecyk, were part of the Diversity in Faces Dataset obtained by Defendant Microsoft.

**ANSWER:**  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies those allegations.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

72.     Based on the links Defendant Microsoft received from IBM, at relevant times, it knew that each of Plaintiff Janecyk's photographs in the Diversity in Faces Dataset – including the 2011 Photo – originated from, and was affiliated with, his Flickr account.

**ANSWER:**  Microsoft denies the allegations in Paragraph 72.

73.     Defendant Microsoft never advised or informed Plaintiff Janecyk or his legal authorized representative in writing: (a) that it collected, stored and used Plaintiff Janecyk's biometric identifiers and information; or (b) of the specific purpose and length of term for which Plaintiff Janecyk's biometric identifiers and information were being collected, stored and used.

**ANSWER:**  Microsoft admits the allegations in Paragraph 73, as it is not aware of Plaintiff Janecyk or his legally authorized representative ever interacting with Microsoft before this lawsuit, Microsoft is not aware of any relationship between Microsoft and Plaintiff Janecyk, and Microsoft had no way of identifying Plaintiff Janecky, so Microsoft could not have advised him or informed him of anything.  Except as expressly admitted, Microsoft denies the allegations in Paragraph 73.

74.     Defendant Microsoft never received a written release executed by Plaintiff Janecyk or his legally authorized representative to obtain, collect, store or use his biometric identifiers and information.

**ANSWER:**  Microsoft admits the allegations in Paragraph 74, as it is not aware of Plaintiff Janecyk or his legally authorized representative ever interacting with Microsoft before this lawsuit, Microsoft is not aware of any relationship between Microsoft and Plaintiff Jacnecyk, and Microsoft had no way of identifying Plaintiff Jacnecyk, so Microsoft could not have received any type of written release from him.  Except as expressly admitted, Microsoft denies the allegations in Paragraph 74.

75.     As alleged in more detail below, Defendant Microsoft's conduct has injured Plaintiff Janecyk and subjected him to additional imminent and certainly impending injuries.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    **ANSWER**:  Microsoft denies the allegations in Paragraph 75.

2    ***Plaintiffs' and Class Members' Injuries and Damages***

3    76.    As a result of Defendant Microsoft's unlawful conduct, Plaintiffs and Class

4    Members have already sustained injuries and face many more imminent and certainly impending

5    injuries, which injuries they will continue to suffer.

6    **ANSWER**:  Microsoft denies the allegations in Paragraph 76.

7
8    77.    Defendant Microsoft chose to use and profit from biometric identifiers and

     information scanned from photographs that were uploaded from Illinois; managed via Illinois-
9
     based user accounts, computers and mobile devices; and/or created in Illinois.  In doing so,
10
     Microsoft exposed Illinois residents and citizens to ongoing privacy risks within Illinois, knowing
11
     that its conduct would injure those residents and citizens within Illinois.  Moreover, Microsoft
12
     knew or had reason to know that obtaining Illinois residents' and citizens' biometric identifiers
13
     and information in violation of BIPA would deprive those residents and citizens of their statutorily-
14
     protected privacy rights, neutralize Illinois residents' and citizens' abilities to control access to
15
     their biometric identifiers and information via their Illinois-managed devices, expose Illinois
16
     residents and citizens to potential surveillance and other privacy harms as they went about their
17
     lives within the state and deter Plaintiffs and Class Members from publicly posting photographs.
18
     As such, Illinois had and has a direct interest in regulating the unlawful conduct alleged herein in
19
     order to protect the rights and interests of its residents and citizens.
20
     **ANSWER**:  Microsoft denies the allegations in Paragraph 77.
21

22    78.    As the Illinois General Assembly has found and the Illinois Supreme Court has

23    confirmed, the harm to Plaintiffs and Class Members as a result of Defendant Microsoft's unlawful

24    conduct has already occurred.

25    **ANSWER**:  Microsoft denies the allegations in Paragraph 78.

26
27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

79.     Further, as businesses worldwide compete to develop ever more advanced facial recognition technology, the race for data imperils the privacy of individuals everywhere, including the privacy of Plaintiffs and Class Members.  Public policy in Illinois provides that given the risks of unwanted data collection and disclosure, its citizens need the power to make decisions about the fate of their unique biometric identifiers and information. Defendant Microsoft's actions – including but not limited to their failure to provide the requisite notice and obtain the requisite consent – robbed Plaintiffs and Class Members of that power.

**ANSWER:**  Microsoft denies the allegations in Paragraph 79.

80.     Moreover, as a result of Defendant Microsoft's unlawful conduct, Plaintiffs' and Class Members' biometric identifiers and information are no longer under their control and are available to a potentially unlimited range of unknown individuals for whatever uses they please. These injuries, which are imminent and clearly impending, are in addition to the injuries Plaintiffs and Class Members have already sustained as a result of Defendant's actions.

**ANSWER:**  Microsoft denies the allegations in Paragraph 80.

81.     As a result of Defendant Microsoft's misconduct, Plaintiffs and Class Members have no recourse for the fact that their biologically unique information has been compromised.

**ANSWER:**  Microsoft denies the allegations in Paragraph 81.

82.     Moreover, as a result of Defendant Microsoft's misconduct, Plaintiffs and Class Members are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

**ANSWER:**  Microsoft denies that it engaged in any alleged "misconduct."  Microsoft lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and therefore denies those allegations.  Microsoft otherwise denies any remaining allegations in Paragraph 82.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 23
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CLASS ACTION ALLEGATIONS**

83.     Plaintiffs bring this action on behalf of themselves and as a class action under Federal Rule of Civil Procedure 23, seeking damages and equitable relief on behalf of the following Class for which Plaintiffs seek certification: All Illinois residents whose faces appear in the Diversity in Faces Dataset obtained by Defendant Microsoft.

**ANSWER:**  Microsoft admits that Paragraph 83 contains a characterization of Plaintiffs' case, but denies that Microsoft engaged in any wrongdoing, denies that it violated BIPA, denies that Plaintiffs are entitled to any relief, denies that this case can be maintained as a class action, and denies that Plaintiffs can represent the class of people they attempt to define.

84.     Excluded from the Class are: (a) Defendant Microsoft; (b) any parent, affiliate or subsidiary of Defendant Microsoft; (c) any entity in which Defendant Microsoft has a controlling interest; (d) any of Defendant Microsoft's officers or directors; or (e) any successor or assign of Defendant Microsoft. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

**ANSWER:**  Microsoft admits that Plaintiffs seek to exclude the individuals identified in Paragraph 84 from the putative class Plaintiffs seek to represent.  Microsoft denies the remaining allegations in Paragraph 84 and denies that this case can be maintained as a class action.

85.     Plaintiffs reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

**ANSWER:**  The allegations in Paragraph 85 are not factual allegations to which any response is required.  To the extent a response is required, Microsoft denies that Plaintiffs can certify any class with any definition and therefore, denies the allegations in Paragraph 85.

86.     **Numerosity.** While the exact number of Class Members is not known at this time, Defendant Microsoft obtained the biometric identifiers and information from approximately one million images of faces, and Plaintiffs estimate the total number of Class Members to be in the

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 24
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

thousands.  Consistent with Rule 23(a)(1), the proposed Class is therefore so numerous that joinder of all members is impracticable. Class Members may be identified through objective means, including objective data available to Defendant Microsoft regarding the images in the Diversity in Faces Dataset. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice.

**ANSWER:**  Microsoft denies the allegations in Paragraph 86.

87.    **Commonality and predominance.** Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

a.    Whether Defendant Microsoft obtained the biometric identifiers and information of Plaintiffs and Class Members;

b.    Whether Defendant Microsoft collected the biometric identifiers and information of Plaintiffs and Class Members;

c.    Whether Defendant Microsoft stored the biometric identifiers and information of Plaintiffs and Class Members;

d.    Whether Defendant Microsoft used the biometric identifiers and information of Plaintiffs and Class Members;

e.    Whether Defendant Microsoft possessed the biometric identifiers and information of Plaintiffs and Class Members;

f.    Whether Defendant Microsoft profited from the biometric identifiers and information of Plaintiffs and Class Members;

g.    Whether Defendant Microsoft provided the notice required by BIPA before obtaining the biometric identifiers and information of Plaintiffs and Class Members;

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 25
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

h.     Whether Defendant Microsoft obtained written releases from Plaintiffs and Class Members or their legally authorized representatives before collecting, obtaining, storing and using the biometric identifiers and information of Plaintiffs and Class Members;

i.     Whether Defendant Microsoft had in place – and disclosed to the public – the written retention and destruction policies required by BIPA while in possession of Plaintiffs' and Class Members' biometric identifiers and information;

j.     Whether Plaintiffs and Class Members suffered damages as a proximate result of Defendant Microsoft's unlawful conduct; and

k.     Whether Plaintiffs and Class Members are entitled to damages, equitable relief and other relief.

**ANSWER:**  Microsoft denies the allegations in Paragraph 87.

88.    **Typicality.** Plaintiffs' claims are typical of the claims of the Class they seek to represent because Plaintiffs and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Class.

**ANSWER:**  Microsoft denies the allegations in Paragraph 88.

89.    **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the proposed Class and have retained as their counsel attorneys experienced in class actions and complex litigation.

**ANSWER:**  Microsoft denies the allegations in Paragraph 89.

90.    **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class Member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 26
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

actions against Defendant Microsoft economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system. A class action, however, presents far fewer management difficulties and provides the benefit of a single adjudication, economy of scale and comprehensive supervision by a single court.

**ANSWER:**  Microsoft denies the allegations in Paragraph 90.

91.    In the alternative, the proposed Class may be certified because:

    a.    The prosecution of separate actions by each individual member of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendant Microsoft;

    b.    The prosecution of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

    c.    Defendant Microsoft acted or refused to act on grounds generally applicable to the proposed Class, thereby making final and injunctive relief appropriate with respect to members of the proposed Class.

**ANSWER:**  Microsoft denies the allegations in Paragraph 91.

92.    Pursuant to Rule 23(c)(4), particular issues are appropriate for certification namely the issues described in paragraph 87, above – because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

**ANSWER:**  Microsoft denies the allegations in Paragraph 92.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 27
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

**CLAIMS FOR RELIEF**

2

**COUNT ONE**
**(VIOLATION OF BIPA – 740 ILCS § 14/15 (b))**

3

4

93.     Plaintiffs restate and reallege all paragraphs of this Claim Action Complaint as though fully set forth herein.

5

6

**ANSWER:**  Microsoft incorporates its answers to the foregoing allegations as if fully stated here.

7

8

94.     As alleged above, Defendant Microsoft violated BIPA by collecting and obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs and Class Members, without providing the requisite written information and without obtaining the requisite written releases.

9

10

11

12

**ANSWER:**  Microsoft denies the allegations in Paragraph 94.

13

14

95.     Defendant Microsoft's violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

15

16

**ANSWER:**  Microsoft denies the allegations in Paragraph 95.

17

18

96.     As a direct and proximate result of Defendant Microsoft's violations of BIPA, Plaintiffs and Class Members have suffered and will continue to suffer injury.

19

**ANSWER:**  Microsoft denies the allegations in Paragraph 96.

20

21

97.     Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

22

23

**ANSWER:**  Answering the allegations in Paragraph 97, Microsoft admits that Plaintiffs seek the relief alleged in Paragraph 97 but denies that Microsoft engaged in any wrongdoing, denies that it violated BIPA, denies that any class may properly be certified, and denies that Plaintiffs are entitled to any relief.

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

98.     Unless and until enjoined and restrained by order of this Court, Defendant Microsoft's wrongful conduct will continue to cause great and irreparable injury to Plaintiffs and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiffs and Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER:**  Microsoft denies the allegations in Paragraph 98 and further answers that the Court has dismissed Plaintiffs' injunctive relief claim, so plaintiffs may not seek the relief sought in Paragraph 98.

99.     Plaintiffs and Class Members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:**  Answering the allegations in Paragraph 99, Microsoft denies that Plaintiffs may seek injunctive relief because the Court has dismissed that claim.  Microsoft admits plaintiffs seek punitive damages, fees, costs, and expenses under BIPA, but denies denies that Microsoft engaged in any wrongdoing, denies that it violated BIPA,  denies that any class may properly be certified, and denies that Plaintiffs are entitled to any relief.

## COUNT TWO

### (VIOLATION OF BIPA – 740 ILCS § 14/15(c))

100.     Plaintiffs restate and reallege all paragraphs of this Class Action Complaint, as though fully set forth herein.

**ANSWER:**  Microsoft makes no response to Paragraph 100 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

101.     As alleged above, Defendant Microsoft violated BIPA by unlawfully profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs and Class Members.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 29
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER**:  Microsoft makes no response to Paragraph 101 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

102.   Defendant Microsoft's violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER**:  Microsoft makes no response to Paragraph 102 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

103.   As a direct and proximate result of Defendant Microsoft's violations of BIPA, Plaintiffs and Class Members have suffered and will continue to suffer injury.

**ANSWER**:  Microsoft makes no response to Paragraph 103 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

104.   Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER**:  Microsoft makes no response to Paragraph 104 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

105.   Unless and until enjoined and restrained by order of this Court, Defendant Microsoft's wrongful conduct will continue to cause great and irreparable injury to Plaintiffs and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER**:  Microsoft makes no response to Paragraph 105 because Plaintiffs' claim under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

106.   Plaintiffs and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 30
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    **ANSWER:**  Microsoft makes no response to Paragraph 106 because Plaintiffs' claim

2  under BIPA Section 15(c) was dismissed pursuant to the Court's April 14, 2021 Order [Dkt. 47].

3  **COUNT THREE**

**(UNJUST ENRICHMENT)**

4

5    107.    Plaintiffs restate and reallege all paragraphs of this Class Action Complaint as

6  though fully set forth herein.

7    **ANSWER:**  Microsoft incorporates its answers to the foregoing allegations as if fully

8  stated here.

9

10    108.    Defendant Microsoft obtained a monetary benefit from Plaintiffs and Class

Members to their detriment. Defendant did so by profiting off of Plaintiffs' and Class Members'

11

12  biometric identifiers and information, while exposing Plaintiffs and Class Members to a

13  heightened risk of privacy and informational harms and depriving them of their control over their

14  biometric data.

15    **ANSWER:**  Microsoft denies the allegations in Paragraph 108.

16    109.    Plaintiffs and Class Members did not authorize Defendant Microsoft to collect,

17  obtain, store, use, possess and profit off of their biometric identifiers and information.

18    **ANSWER:**  Microsoft denies the allegations in Paragraph 109.

19

20    110.    Defendant Microsoft appreciated, accepted and retained the benefit bestowed upon

21  it under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiffs

22  and Class Members as described herein.

23    **ANSWER:**  Microsoft denies the allegations in Paragraph 110.

24    111.    Defendant Microsoft profited from Plaintiffs' and Class Members' biometric

25  identifiers and information and did not provide full compensation for the benefit received from

26  Plaintiffs and Class Members.

27    **ANSWER:**  Microsoft denies the allegations in Paragraph 111.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

112.    Defendant Microsoft obtained Plaintiffs' and Class Members' biometric identifiers and information through inequitable means in that it obtained biometric data from Plaintiffs' and Class Members' online photographs without permission and in violation of Illinois law.

**ANSWER:**  Microsoft denies the allegations in Paragraph 112.

113.    Plaintiffs and Class Members have no adequate remedy at law.

**ANSWER:**  Microsoft denies the allegations in Paragraph 113.

114.    Under the circumstances, it would be unjust and unfair for Defendant Microsoft to be permitted to retain any of the benefits obtained from Plaintiffs and Class Members and their biometric identifiers and information.

**ANSWER:**  Microsoft denies the allegations in Paragraph 114.

115.    Under the principles of equity and good conscience, Defendant Microsoft should not be permitted to retain the biometric identifiers and information belonging to Plaintiffs and Class Members because Defendant unlawfully obtained the biometric identifiers and information.

**ANSWER:**  Microsoft denies the allegations in Paragraph 115.

116.    Defendant Microsoft should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class Members, proceeds that it unjustly received as a result of obtaining, collecting, storing, using, possessing and profiting off of Plaintiffs' and Class Members' biometric identifiers and information, including but not limited to the value of the intellectual property derived therefrom.

**ANSWER:**  Microsoft denies the allegations in Paragraph 116 and further denies that Plaintiffs are entitled to disgorgement or that this case may properly be certified as a class.

**COUNT FOUR**
**INJUNCTIVE RELIEF**

117.    Plaintiffs restate and reallege all paragraphs of this Class Action Complaint as though fully set forth herein.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 32
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:** Microsoft makes no response to Paragraph 117 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

118.   Plaintiffs and Class Members have clear and ascertainable rights in need of protection – namely: (a) the right to have Defendant Microsoft abide by its obligations under BIPA; (b) the right to control their biometric identifiers and information; and (c) the right to privacy.

**ANSWER:** Microsoft makes no response to Paragraph 118 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

119.   Plaintiffs and Class Members have no adequate remedy at law because a legal remedy cannot retrieve the biometric identifiers and information that Defendant Microsoft unlawfully collected, obtained, stored, used, possessed and otherwise profited from, and cannot end the invasion of privacy caused by Defendant's conduct.

**ANSWER:** Microsoft makes no response to Paragraph 119 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

120.   Plaintiffs and Class Members will suffer irreparable harm, as alleged herein, cause by Defendant Microsoft if its conduct is not so restrained, requiring injunctive relief.

**ANSWER:** Microsoft makes no response to Paragraph 120 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

121.   Plaintiffs and Class Members are likely to succeed on the merits because, as alleged herein, Defendant Microsoft unlawfully collected, obtained, stored, used, possessed and otherwise profited from Plaintiffs' and Class Members' biometric identifiers and information despite being prohibited from doing so.

**ANSWER:** Microsoft makes no response to Paragraph 121 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 33
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

122.    Plaintiffs and Class Members seek injunctive relief: (a) barring Defendant Microsoft from any further use of Plaintiffs' and Class Members' biometric identifiers and information; (b) barring Defendant Microsoft from continuing to collect, obtain, store, use, possess or profit from Plaintiffs' and Class Members' biometric identifiers and information; and (c) requiring Defendant Microsoft to delete and destroy Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER:**  Microsoft makes no response to Paragraph 122 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order [Dkt. 43].

## DEFENSES

Below are Microsoft's defenses.  By setting forth these defenses, Microsoft does not assume any burden of proof as to any fact issue or other element of any cause of action or defense that properly belongs to Plaintiffs.  Microsoft reserves the right to amend or supplement its defenses.  In asserting defenses as to putative class members' claims, Microsoft in no way concedes any class may properly be certified and reserves its rights to oppose certification of any class.

### FIRST DEFENSE
### (STATUTE OF LIMITATIONS)

Plaintiffs' claims and the putative class members' claims are barred to the extent that they arose outside the applicable statutes of limitations.  Plaintiffs and the putative class cannot seek recovery for alleged violations that took place prior to the applicable statute of limitations.

### SECOND DEFENSE
### (LACHES)

Plaintiffs' claims and the putative class members' claims are barred by the doctrine of laches.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**THIRD DEFENSE**
(LACK OF INJURY)

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because they have not sustained any cognizable injury or damages.

**FOURTH DEFENSE**
(CONSENT)

To the extent Plaintiffs allege Microsoft is liable because Plaintiffs' and/or putative class members' biometric identifiers or biometric information were allegedly collected without their consent, such claims are barred because Plaintiffs' and/or the putative class members voluntarily consented, either expressly or implicitly, to the collection of such information by publicly posting their photographs on Flickr, agreeing and consenting to Flickr's terms and conditions, and agreeing that their photographs would be subject to a Creative Commons license.

**FIFTH DEFENSE**
(NO REASONABLE EXPECTATION OF PRIVACY)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because Plaintiffs and other members of the putative class had no reasonable expectation of privacy in photographs (or any information derived from such photographs) that they voluntarily made public by uploading them to Flickr subject to the Creative Comons license, without utilizing available online privacy restrictions.

**SIXTH DEFENSE**
(FAILURE TO MITIGATE)

Plaintiffs and putative class members failed to mitigate their alleged damages, if any.

**SEVENTH DEFENSE**
(ESTOPPEL, WAIVER, AND UNCLEAN HANDS)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands. Plaintiffs and the putative class members approved, participated in, and never objected to the conduct of which they now complain. Specifically, Plaintiffs and the putative class members publicly posted their photographs on Flickr,

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 35
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

agreed and consented to Flickr's terms and conditions, and their photographs were governed by a Creative Commons license which they selected. As a result, Plaintiffs and putative members are barred from now bringing their claims under the doctrines of estoppel, waiver, and/or unclean hands.

### EIGHTH DEFENSE
### (RATIFICATION; ACQUIESCENCE)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of ratification and acquiescence. Plaintiffs and the putative class members approved and participated in the conduct of which they now complain, even after they knew or should have known of the conduct alleged in the Complaint.

### NINTH DEFENSE
### (DORMANT COMMERCE CLAUSE)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the dormant Commerce Clause of the United States Constitution. If the conduct alleged in the Complaint qualifies as a violation of BIPA, BIPA would have the effect of allowing Illinois to regulate conduct occurring entirely or substantially outside of Illinois. BIPA would subject Microsoft to inconsistent regulations and would usurp the prerogative of other states to make their own policy choices.

### TENTH DEFENSE
### (EXTRATERRITORIALITY)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because BIPA does not extend extraterritorially. BIPA does not apply outside Illinois because the Illinois Legislature did not clearly state that it intended BIPA to apply outside Illinois. The conduct alleged in the Complaint that purportedly violated BIPA took place entirely or predominantly outside of Illinois. BIPA is therefore inapplicable and cannot regulate or punish the conduct alleged in the Complaint.

### ELEVENTH DEFENSE
### (ACTS OF THIRD PARTIES)

All or part of the damages alleged in the Complaint, if any, were caused by the acts or omissions of other persons or entities for whose conduct Microsoft is not legally responsible.

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 36
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### TWELFTH DEFENSE
### (ADEQUATE REMEDY AT LAW)

Plaintiffs' and the putative class members' claims for unjust enrichment fails because Plaintiffs and the putative class members have an adequate remedy at law.

### THIRTEENTH DEFENSE
### (UNJUST ENRICHMENT)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because any recovery from Microsoft would result in Plaintiffs being unjustly enriched.

### FOURTEENTH DEFENSE
### (UNCONSTITUTIONAL DAMAGES)

Plaintiffs and the putative class members seek improper damages in violation of the United States Constitution and other applicable law.  Any award of statutory or punitive damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution.

### FIFTEENTH DEFENSE
### (UNCONSTITUTIONAL DAMAGES)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because the requirements of BIPA constitute special legislation in violation of the Illinois Constitution.  Specifically, BIPA's exclusions for financial institutions and "contractor[s], subcontractor[s], or agent[s] of a State agency or local unit of government when working for that State agency or local unit of government," 740 ILCS 14/15(c), (e), renders BIPA unconstitutional special legislation under the Illinois Constitution. *See, e.g.*, *County of Bureau v. Thompson*, 139 Ill. 2d 323, 337 (2003) (law constitutes special legislation when classifications created by statute are unreasonable because not rationally related to achievement of statute's legitimate goals).

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 37
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

### SIXTEENTH DEFENSE
**(UNCONSTITUTIONALLY VAGUE)**

2

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part,

3

because BIPA, including but not limited to the statute's "government contractor" exemption and

4

definitions of "biometric identifiers" and "biometric information," are vague in violation of the

5

Illinois Constitution.

6

### SEVENTEENTH DEFENSE
**(UNCONSTITUTIONAL ABRIDGEMENT OF FREE SPEECH)**

7

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part,

8

because they purport to require this Court to abridge Microsoft's freedom of speech, in violation

9

of the First Amendment to the United States Constitution.

10

### REQUEST FOR RELIEF

11

Therefore, Microsoft respectfully requests that this court:

12

1.     Enter judgment in Microsoft's favor and against Mr. Vance and Mr. Janecyk;

13

2.     Deny certification of any class;

14

3.     Dismiss all claims by Plaintiffs with prejudice;

15

4.     Award Microsoft its costs of suit;

16

5.     Award Microsoft its attorneys' fees to the extent permitted by law; and

17

6.     Grant Microsoft such other and further relief as this Court deems just and proper.

18

19

20

21

22

23

24

25

26

27

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 38
4851-1934-1025v.3 0025936-003307

1    DATED this 16th day of June, 2021.

2

3                                    By:*s/ Stephen M. Rummage*
                                       Stephen M. Rummage, WSBA #11168
4                                      Xiang Li, WSBA #52306
                                       DAVIS WRIGHT TREMAINE LLP
5                                      920 Fifth Avenue, Suite 3300
                                       Seattle, WA  98104-1610
6                                      Tel:  (206) 622-3150
                                       Fax:  (206) 757-7700
7                                      Email:  steverummage@dwt.com
                                       Email:  xiangli@dwt.com
8

9                                      Elizabeth B. Herrington, Admitted *pro hac vice*
                                       Tyler Zmick, Admitted *pro hac vice*
10                                     MORGAN LEWIS & BOCKIUS
                                       77 West Wacker Drive, Suite 500
11                                     Chicago, IL 60601-5094
                                       Tel: (312) 324-1188
12                                     Email:  beth.herrington@morganlewis.com
                                       Email:  tyler.zmick@morganlewis.com
13

14                                     ***Attorneys for Defendant Microsoft Corporation***

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER AND AFFIRMATIVE DEFENSES
(2:20-cv-01082-JLR) - 39
4851-1934-1025v.3 0025936-003307

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax