UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN VANCE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. C20-1082JLR<br><br>ORDER ON MOTION TO SEAL |

Before the court is Defendant Microsoft Corporation's ("Microsoft") motion to seal. (Mot. (Dkt. # 82).) Specifically, Microsoft moves to seal two documents it filed in support of its opposition to Plaintiffs' motion for class certification: (1) an excerpt of Interested Party International Business Machines Corp.'s ("IBM") Diversity in Faces Dataset ("DiF") attached as Exhibit 6 to the declaration of Xiang Li (Li Decl. (Dkt. # 80) ¶ 7, Ex. 6 (Dkt. # 83-1) (sealed)); and (2) the declaration of Peggy Daley (Daley Decl. ((Dkt. # 81) (redacted) & (Dkt. # 83) (sealed))). IBM responded to Microsoft's motion. (Resp. (Dkt. # 99).) Having considered the motion, IBM's response thereto,

ORDER - 1

the balance of the record, and the applicable law, the court GRANTS IN PART Microsoft's motion to seal.

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Because the sealed documents at issue here are attached to a motion that is "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016). Under this standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

First, Microsoft states that Exhibit 6 to Ms. Li's declaration may contain (1) biometric information about Illinois residents that would, if Plaintiffs' theory of the case is correct, violate Illinois law and (2) URLs to and metadata of Flickr images depicting children. (*See* Mot. at 2.) The court agrees with Microsoft that there are compelling privacy reasons to maintain under seal the alleged biometric data in the DiF dataset and

information relating to images of children.  (*See id.*)  Accordingly, the court GRANTS Microsoft's motion to seal Exhibit 6 to Ms. Li's declaration.

Second, although Microsoft moved to seal all of the substantive portions of Ms. Daley's declaration based on its understanding that IBM considered the declaration confidential (*see* Mot. at 3; *see also* Daley Decl. (Dkt. # 81) (redacted)), IBM argues only that the court should maintain under seal the images of unidentified non-party individuals that are associated with URLs in the DiF dataset and that are displayed in the declaration (Resp. at 2-3 (citing Daley Decl. at 9, 12, 13, 15, 21, 23 & 29)).  IBM asserts that these unidentified non-party individuals have a privacy interest in their likenesses and that it is not possible to ask these unidentified individuals whether they consent to have their images filed on the public docket.  (*Id.*)  IBM does not present any argument regarding the substantive portions of the declaration.  (*See generally id.*)  The court agrees that the privacy interests of the unidentified non-parties is a compelling reason to maintain these images under seal.  Accordingly, the court GRANTS IN PART Microsoft's motion to seal Ms. Daley's declaration.  The court ORDERS Microsoft to redact from Ms. Daley's declaration only the images on pages 9, 12, 13, 15, 21, 23, and 29 in accordance with this order and file the redacted declaration on the court's docket within seven (7) days of the filing date of this order.

//

//

//

//

1      Dated this 10th day of January, 2022.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4