UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN VANCE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | CASE NO. C20-1082JLR<br><br>ORDER |

Before the court are four motions: (1) Plaintiffs Steven Vance and Tim Janecyk's motion for class certification (MCC (Dkt. # 70)); (2) Defendant Microsoft Corporation's ("Microsoft") motion for summary judgment (MSJ (Dkt. # 84)); (3) Plaintiffs' Federal Rule of Civil Procedure 56(d) motion for additional discovery (56(d) Mot. (Dkt. # 107)); and Microsoft's motion to supplement the record on class certification (Supp. Mot. (Dkt. # 113)). The court has considered the motions, the parties' submissions in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. The court also heard oral argument on Monday, February 7, 2022. (*See* 1/31/22 Min.

ORDER - 1

Order (Dkt. # 115); 2/7/22 Min. Entry (Dkt. # 117).) Being fully advised, the court makes the following rulings:

1. The court STRIKES Microsoft's motion for summary judgment (Dkt. # 84) without prejudice to Microsoft renewing its motion after the parties complete the discovery ordered below;

2. The court GRANTS IN PART Plaintiffs' Federal Rule of Civil Procedure 56(d) motion for additional discovery (Dkt. # 107) as follows:

    (a) Plaintiffs may take the depositions of Benjamin Skrainka, Samira Samadi, Jennifer Wortman Vaughn, Matthew M. Swann, Mustafa Kasap, Andy Bruncke, and Jeffrey Chirico (collectively, "the Microsoft Declarants") and Dr. Michele Merler. Because Dr. Merler has already been deposed in relation to Plaintiffs' motion for class certification, Dr. Merler's deposition shall be focused on the issues raised by Microsoft's motion for summary judgment;

    (b) Microsoft shall produce to Plaintiffs within 14 days after entry of this order all documents upon which the Microsoft Declarants relied in drafting their declarations in support of Microsoft's motion for summary judgment ("the declarations");

    (c) Microsoft shall identify to Plaintiffs within 14 days after entry of this order all non-attorney individuals with whom the Microsoft Declarants consulted in preparing the declarations;

    (d) Microsoft shall produce to Plaintiffs by no later than 30 days after entry of this order all non-privileged documents in its possession or control that

were drafted, sent, received, or reviewed by the Microsoft Declarants that refer or relate to non-party International Business Machines Corporation's ("IBM") Diversity in Faces ("DiF") Dataset;

  (e) The parties shall complete the above discovery by no later than Friday, April 29, 2022;

  (f) The court has not yet ruled on the additional discovery requested by Plaintiffs in their Rule 56(d) motion. If, after Plaintiffs complete their depositions of the Microsoft Declarants, additional discovery is necessary to oppose summary judgment, they may file a second Rule 56(d) motion specifically identifying that additional discovery by no later than Thursday, May 12, 2022; and

  (g) If Plaintiffs do not file a second Rule 56(d) motion, Microsoft shall file its renewed motion for summary judgment, if any, by no later than Thursday, May 12, 2022. The motion shall be noted in accordance with Local Rules W.D. Wash. LCR 7(d)(3). If Plaintiffs do file a second Rule 56(d) motion, the court will set a revised deadline for the motion for summary judgment based on its ruling on Plaintiffs' motion.

3. The court STRIKES Plaintiffs' motion for class certification (Dkt. # 70) without prejudice to Plaintiffs re-filing their motion after the court decides Microsoft's motion for summary judgment. Because the motion for class certification has been stricken, the court DENIES Microsoft's motion to supplement the class certification record (Dkt. # 113) as moot; and

4. The court GRANTS Plaintiffs' counsel's request to waive the requirement set forth in Local Rules W.D. Wash. LCR 83.1(d)(2) that local counsel sign all motions and other documents filed with this court.  The court reminds counsel, however, that local counsel must be prepared to handle this matter in the event *pro hac vice* counsel are unable to be present on any date scheduled by the court.

Dated this 8th day of February, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 4